| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION ONLY |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------X
:
RANDOLPH CORBETT, :
: MEMORANDUM
                       *Plaintiff*, : AND ORDER
:
        - against - :
: 10-CV-26 (JG) (RLM)
eHOME CREDIT CORP. d/b/a FHB FUNDING :
d/b/a FUNDAMENTAL HOME BORROWING, :
MICHAEL J. BODE, Esq., J.C. LAND :
ABSTRACT CO., SHELD J. SANDERS Esq., :
OLD REPUBLIC NATIONAL TITLE :
INSURANCE CO., THE FIRST NATIONAL :
BANK OF LONG ISLAND, THE BANK OF :
NEW YORK n/k/a THE BANK OF NEW YORK :
MELLON CORPORATION, "John/Jane Doe" :
1 through 12 being the names of Attorneys, Agents, :
Associates, Assigns and Entities whose names :
and/or addresses are unknown to the Plaintiff :
at this time, :
                    *Defendants*. :
-----------------------------------------------------------X

A P P E A R A N C E S:

    RANDOLPH CORBETT
    P.O. Box 156
    New York, New York 10013
    *Plaintiff, Pro Se*

    DELBELLO DONELLAN WEINGARTEN WISE & WIEDERKEHR, LLP
    One North Lexington Avenue
    White Plains, New York 10601
    By:    Evan Wiederkehr
    *Attorneys for the Defendant Old Republic National Title Insurance Company*

JOHN GLEESON, United States District Judge:

        On January 5, 2010, Randolph Corbett filed this *pro se* action against eight

named defendants, including Old Republic National Title Insurance Company ("Old Republic")

and various unidentified individuals. The complaint alleges that the defendants participated in a

mortgage fraud perpetrated against Corbett. On February 16, 2010, defendant Old Republic National Title Insurance Company filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Corbett opposed the motion in writing,[1] and I heard oral argument on March 19, 2010. For the reasons set forth below, the defendant's motion is granted.

BACKGROUND

The following facts are drawn from Corbett's *pro se* complaint and documents attached to and incorporated by reference in that complaint, and are assumed to be true for the purposes of this motion.

In March 1997, Corbett received a notice from the New York City Department of Finance informing him that he was over $38,000 in arrears in his taxes on his home in Brooklyn. Several weeks later, Corbett received an unsolicited phone call from an individual employed with FHB Funding Corporation ("FHB"). This individual stated that he had learned of Corbett's financial situation after checking tax records and offered his assistance in resolving the issue. Thereafter, Corbett and his wife drove to FHB's offices in Mineola, New York and met with Michael J. Bode, an attorney. Subsequently, Corbett signed what he believed to be mortgage closing documents at Bode's instruction. Two days later, Corbett received $38,000 of the full mortgage amount of $80,000 from FHB.[2]

In approximately 2001, Corbett's financial situation worsened and he was unable to make the necessary mortgage payments. His wife, who had previously moved out of the home, informed him that he could avoid foreclosure by transferring the property to a relative. As

---

[1] Corbett's opposition papers were not filed with the Clerk of the Court. The Court obtained a copy of the plaintiff's motion papers from defense counsel. The plaintiff is reminded that all papers served in this action must also be filed with the Court.

[2] The Settlement Statement appended to the complaint as Exhibit Q shows that $22,695.41 was paid to the New York City Department of Finance to satisfy the tax lien.

a result, in 2001, Corbett transferred the deed to his Brooklyn home to Dorthea Douglas, his wife's sister. Corbett believed Douglas would name his daughters on the deed, however, he alleges that never occurred. In 2002, the home was sold without Corbett's permission.

In or about 2008, Corbett contacted credit reporting services and received a report listing a mortgage on the property for $80,000, serviced by Select Portfolio. The credit report indicated that the mortgage had been paid in full and the account closed.[3] Thereafter, Corbett requested the underlying documentation from Select Portfolio. Corbett alleges that, contained within the documents he received from Select Portfolio, were documents he had never seen during the alleged closing. He further alleges that many of the documents were missing necessary signatures. Accordingly, Corbett filed this lawsuit against the defendants alleging that the entire mortgage transaction was a fraud. He seeks money damages as well as an order voiding his transfer of the home's deed to Douglas.[4]

## DISCUSSION

A.  *Motion to Dismiss -- Standard of Review*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam), and "draw all

---

[3] At oral argument, Corbett stated that the mortgage was paid in full upon Douglas's sale of the property in 2002.

[4] In his complaint, Corbett includes facts surrounding attempts by Chrysler Credit Corporation to collect on a debt that a New York City court determined had already been satisfied. Chrysler Credit Corporation is not a defendant in this action. Because I fail to see the relevance of these facts to this action, I do not recount them here.

3

reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

*Iqbal* offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 12(b)(6). Citing its earlier decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal,* 129 S. Ct. at 1949 (internal citations and quotation marks omitted).

Because Corbett is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," I must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

4

B.  *Corbett's Claims against Old Republic*

Corbett alleges that Old Republic participated in a civil conspiracy to commit "Fraud, Conspiracy, Forgery, [Unlawful] Enrichment, Filing False document with a Government Agency, False Pretense, Counterfeit, Aid & Abetting, Breach of Fiduciary Responsibility, Grand Larceny in the second degree." Opp. at 2. In his opposition to the defendant's motion to dismiss, Corbett states that Old Republic "participated in the mortgage scam by helping produce[] a counterf[e]it [schedule] (A), designed to deceive me the plaintiff Randolph Corbett into thinking that a legitimate mortgage closing had in fact occurred in 1997 with FHB." *Id.* The mortgage documents obtained by Corbett included a Schedule A form that bore the name of Old Republic. Corbett then issued a discovery demand to Old Republic for more information. In response, Old Republic made the following statement:

> I understand that JC Land Abstract is not now, or in the past, an agent for OLD Republic. A review of the record chain of title indicates that a Schedule A from a prior transaction insured by OLD Republic was likely used by JC Land Abstract at a later date.

Compl at 10. This response from Old Republic is the only time Old Republic is referenced in Corbett's complaint. Prior to oral argument but after it had filed the instant motion, defense counsel indicated in a letter to the Court that Old Republic had discovered that J.C. Land Abstract had, in fact, previously been an agent of Old Republic. Accordingly, Old Republic "through J.C. Land Abstract, issued a Loan Policy of Title Insurance to FHB Funding Corp. as part of the March 21, 1997 loan transaction that is the subject of this action." Wiederkehr Letter, Dkt. 22. This fact, however, does not cure the deficiencies in Corbett's complaint; the role, if any, Old Republic played in the alleged fraud perpetrated against Corbett remains entirely unstated.

Corbett's complaint does not contain any factual allegations against Old Republic. There is no indication in the complaint of how Old Republic was involved in an alleged mortgage fraud. Indeed, at oral argument Corbett confirmed that the loan in fact occurred and he received $38,000 in proceeds from the loan after (as Exhibit Q to the complaint reveals) his tax lien and other expenses were paid. Accordingly, Corbett has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.[5]

## CONCLUSION

The defendant's motion to dismiss is granted. At oral argument, Corbett stated that the alleged fraud included forged documentation, including checks and the Settlement Statement, falsely stated the amount of money paid to Corbett's creditors from the loan proceeds. None of these allegations of fraud implicate Old Republic, which acted only as the title insurer. Based on his statements at oral argument and a liberal reading of his complaint, I find no "indication that a valid claim might be stated" against Old Republic. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, leave to amend is denied.

So Ordered.

John Gleeson, U.S.D.J.

Date: March 22, 2010
Brooklyn, New York

---

[5] In his opposition to the defendant's motion to dismiss, Corbett appears to allege that Old Republic was involved in a civil conspiracy to commit fraud. Opp. at 2. A claim for civil conspiracy is only actionable if the complaint states a claim for the underlying tort. *Kirch v. Liberty Media Corp.,* 449 F.3d 388, 401 (2d Cir. 2006); *see also Fisher v. Big Squeeze (N.Y.) Inc.,* 349 F. Supp. 2d 483, 489 (E.D.N.Y. 2004). In this case, Corbett has failed to plead the alleged fraud with any particularity. *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 290 (2d Cir. 2006) (holding that Rule 9(b) requires the plaintiff to: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."). Accordingly, the claim for civil conspiracy must fail.