| | |
|---|---|
| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION ONLY |
| EASTERN DISTRICT OF NEW YORK | |

----------------------------------------------------------------- X
:
RANDOLPH CORBETT, :
: MEMORANDUM
                  *Plaintiff*, : AND ORDER
:
    - against - :
: 10-CV-26 (JG) (RLM)
eHOME CREDIT CORP. d/b/a FHB FUNDING :
d/b/a FUNDAMENTAL HOME BORROWING, :
MICHAEL J. BODE, Esq., J.C. LAND :
ABSTRACT CO., SHELD J. SANDERS Esq., :
OLD REPUBLIC NATIONAL TITLE :
INSURANCE CO., THE FIRST NATIONAL :
BANK OF LONG ISLAND, THE BANK OF :
NEW YORK n/k/a THE BANK OF NEW YORK :
MELLON CORPORATION, "John/Jane Doe" :
1 through 12 being the names of Attorneys, Agents, :
Associates, Assigns and Entities whose names :
and/or addresses are unknown to the Plaintiff :
at this time, :
                  *Defendants*. :
----------------------------------------------------------------- X

A P P E A R A N C E S:

    RANDOLPH CORBETT
    P.O. Box 156
    New York, New York 10013
    *Plaintiff, Pro Se*

    SCHWARTZ & PONTERIO, PLLC
    134 West 29th Street, Suite 1006
    New York, New York 10001
    By:    Matthew Schwartz
    *Attorneys for Defendant Bank of New York-Mellon*

JOHN GLEESON, United States District Judge:

        On January 5, 2010, Randolph Corbett filed this *pro se* action against eight

named defendants, including Bank of New York-Mellon ("BNY-Mellon") and various

unidentified individuals. The complaint alleges that the defendants participated in a mortgage

fraud perpetrated against Corbett. On March 10, 2010, defendant BNY-Mellon filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Corbett opposed the motion in writing, and I heard oral argument on April 23, 2010. For the reasons set forth below, the defendant's motion is granted.

BACKGROUND

The following facts are drawn from Corbett's *pro se* complaint and documents attached to and incorporated by reference in that complaint, and are assumed to be true for the purposes of this motion.

In March 1997, Corbett received a notice from the New York City Department of Finance informing him that he was over $38,000 in arrears in his taxes on his home in Brooklyn. Several weeks later, Corbett received an unsolicited phone call from an individual employed with FHB Funding Corporation ("FHB"). This individual stated that he had learned of Corbett's financial situation after checking tax records and offered his assistance in resolving the issue. Thereafter, Corbett and his wife drove to FHB's offices in Mineola, New York and met with Michael J. Bode, an attorney. Subsequently, Corbett signed what he believed to be mortgage closing documents at Bode's instruction. Two days later, Corbett received $38,000 of the full mortgage amount of $80,000 from FHB.[1]

In approximately 2001, Corbett's financial situation worsened and he was unable to make the necessary mortgage payments. His wife, who had previously moved out of the home, informed him that he could avoid foreclosure by transferring the property to a relative. As a result, in 2001, Corbett transferred the deed to his Brooklyn home to Dorthea Douglas, his

---

[1] The Settlement Statement appended to the complaint as Exhibit Q shows that $22,695.41 was paid to the New York City Department of Finance to satisfy the tax lien.

2

wife's sister. Corbett believed Douglas would name his daughters on the deed, however, he alleges that never occurred. In 2002, the home was sold without Corbett's permission.

On November 15, 2002, Corbett alleges he went to HSBC Bank and was denied access to his personal bank account. The Bank informed him that there was a restraining order filed on his bank account by Chrysler Credit Corporation ("Chrysler"). Corbett alleges that the debt owed to Chrysler should have been discharged as part of the FHB closing. Thereafter, Corbett requested the relevant documentation from FHB. The documentation he received from FHB revealed a check in the amount of $5,362.75 made payable to Chrysler, which was deposited in an attorney escrow account held at BNY-Mellon. Corbett then filed suit in New York City court, which held that his debt, in the amount of $5,362.75, to Chrysler had been satisfied in full.

In or about 2008, Corbett contacted credit reporting services and received a report listing a mortgage on the property for $80,000, serviced by Select Portfolio. The credit report indicated that the mortgage had been paid in full and the account closed.[2] Thereafter, Corbett requested the underlying documentation from Select Portfolio. Corbett alleges that, contained within the documents he received from Select Portfolio, were documents he had never seen during the alleged closing. He further alleges that many of the documents were missing necessary signatures. Accordingly, Corbett filed this lawsuit against the defendants alleging that the entire mortgage transaction was a fraud. He seeks money damages as well as an order voiding his transfer of the home's deed to Douglas.

---

[2] At a previous oral argument, Corbett stated that the mortgage was paid in full upon Douglas's sale of the property in 2002.

DISCUSSION

A.  *Motion to Dismiss -- Standard of Review*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam), and "draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

*Iqbal* offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 12(b)(6). Citing its earlier decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal,* 129 S. Ct. at 1949 (internal citations and quotation marks omitted).

Because Corbett is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," I must grant leave to amend

it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

B. *Corbett's Claims against BNY-Mellon*

Corbett alleges that BNY-Mellon participated in committed violations of and conspired to violate "Board of Governs Regulation, The Federal Trade Commission Rules, FDIC Law Regulations, Subpart C-226.17," Title 18 §§ 1012, 1021, 1001, 513(c)(2), 215, 1028, 201, 1089, Title 15 §§ 7001(b)(2), 1639, Title 12 § 2603, 2605, 2607. Opp. at 3. In his opposition to the defendant's motion to dismiss, Corbett states that BNY-Mellon provided a copy of a fraudulent check deposited at a BNY-Mellon Branch. *Id.* Corbett alleges that no bank exists at the address listed on the check. *Id.* He states that "BNY-Mellon needs to explain how they 'deposited a fraudulently fabricated check.'" *Id.* The check to which Corbett refers is the check for $5,632.75 made payable to Chrysler and deposited to an attorney escrow account.

In his complaint Corbett alleges merely that BNY-Mellon deposited a fraudulent check. If true, this allegation does not implicate BNY-Mellon in any wrongdoing; if anything, BNY-Mellon was the victim of the fraud. There is no indication in the complaint of how BNY-Mellon was involved in an alleged mortgage fraud. Moreover, Corbett fails to allege what injury, if any, he suffered as a result of this alleged forgery. At a previous oral argument, Corbett

confirmed that the loan in fact occurred and he received $38,000 in proceeds from the loan after (as Exhibit Q to the complaint reveals) his tax lien and other expenses were paid. At the oral argument of the instant motion, Corbett asserted that perhaps someone at BNY-Mellon conspired with someone else to allow a fraudulent check representing some of the proceeds of the mortgage loan at issue to be deposited in an attorney escrow account at BNY-Mellon in 1997. That is simply not a basis on which Corbett can sue BNY-Mellon for the mortgage fraud alleged in this case. Accordingly, Corbett has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

## CONCLUSION

The defendant's motion to dismiss is granted. Based on his statements at oral argument and a liberal reading of his complaint, I find no "indication that a valid claim might be stated" against BNY-Mellon. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, leave to amend is denied.

So Ordered.

John Gleeson, U.S.D.J.

Date: April 27, 2010
Brooklyn, New York