**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**RANDOLPH CORBETT,**

                    **Plaintiff,**                  **MEMORANDUM AND ORDER**

     -against-

                                                **10-CV-26 (JG)(RLM)**

**eHOME CREDIT CORP. d/b/a FHB FUNDING
d/b/a FUNDAMENTAL HOME BORROWING,
MICHAEL J. BODE, Esq., J.C. LAND
ABSTRACT CO., SHELD J. SANDERS Esq.,
OLD REPUBLIC NATIONAL TITLE
INSURANCE CO., THE FIRST NATIONAL
BANK OF LONG ISLAND, THE BANK OF
NEW YORK n/k/a THE BANK OF NEW YORK
MELLON CORPORATION, "John/Jane Doe"
1 through 12 being the names of Attorneys, Agents,
Associates, Assigns and Entities whose names
and/or addresses are unknown to the Plaintiff
at this time,**

                    **Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court are motions filed by non-parties Wilson, Elser, Moskowitz, Edelman & Dickler LLP ("Wilson Elser"), on behalf of the Wilson Elser firm and as attorneys for Chrysler Financial Services Corp. ("Chrysler"), and by Byron L. Friedman, Esq. ("Friedman") (collectively, "Movants"), to quash four subpoenas filed by *pro se* plaintiff Randolph Corbett ("Corbett"). See Motion to Quash Subpoenas (March 26, 2010) ("First Motion"), ECF Docket Entry ("D.E.") #25; Second Motion to Quash Subpoena (April 8, 2010) ("Second Motion"), D.E. #29. The subpoenas seek documents related to debt collection efforts by Chrysler against Corbett, including those documents related to a corresponding

Kings County civil debt-collection action filed by Chrysler and documents related to the restraint on Corbett's bank account, also arising from that debt collection.[1] For the reasons that follow, the motions to quash all four subpoenas are granted.

## BACKGROUND

On January 5, 2010, Randolph Corbett filed this *pro se* action against eight named defendants and various unidentified individuals alleging mortgage fraud. See Complaint, D.E. #1. The alleged fraud arose from a mortgage Corbett took out after learning that he was more than $38,000 delinquent in property taxes on his home in Brooklyn. See id. at 2-3. In 1997, two days after signing what he believed to be mortgage closing documents, Corbett received $38,000 of the $80,000 mortgage from Fundamental Home Borrowing ("FHB"). See id. at 3. Thereafter, in 2001, Corbett's financial situation worsened and he was unable to make the necessary mortgage payments. See id. In an effort to avoid foreclosure, and on his wife's advice, he transferred his home to his wife's sister. See id. at 3-4. Corbett believed that his

---

[1] The four subpoena are as follows: (1) a subpoena addressed to Daniel Tillman as attorney for Bryon L. Friedman, requesting all documents sent, served, or received in connection with the case of Chrysler Credit Corp. v. Randolph Corbett, case # 045983/93; (2) a subpoena addressed to Bryon L. Friedman, requesting all documents sent and received from HSBC Bank in the case of Chrysler Credit Corp. v. Randolph Corbett, 45983/93, and all documents associated with the restraint letter on HSBC Bank Account # 659-607-727; (3) a subpoena addressed to Daniel Tillman, requesting (a) all documents connected with account #00611851, (b) the legal outcome of the case of Chrysler Credit Corp. v. Randolph Corbett, and (c) documents related the collection of a debt from HSBC Bank Account number 659-607-727; and (4) a subpoena addressed to Daniel Tillman, as attorney for Wilson Elser, requesting (a) all documents related to the case of Chrysler Credit Corp. v. Randolph Corbett, and (b) all documents related to debt collection from Randolph Corbett at HSBC Bank Account # 659-607-7727.

wife's sister would name Corbett's daughters on the deed but, he alleges, that never happened. See id. at 4. In 2002, the home was sold without Corbett's permission or knowledge. See id.

On November 15, 2002, Corbett discovered that Chrysler had placed a restraining order on his HSBC Bank account in an effort to collect a debt that Corbett alleges was also supposed to be paid out of the FHB mortgage. See id. at 4. Corbett then requested and received documentation from FHB indicating that a check had been issued to Chrysler in the amount of $5,362.75. See id. at 5. Shortly thereafter, Corbett also received documentation of a 1994 Kings County Civil Court default judgment issued against him in a case filed by Chrysler on that same debt. See id. at 6. After Corbett petitioned to have the Kings County case reopened, a ruling was issued in his favor on the ground that the debt had indeed been satisfied when Chrysler accepted and cashed a check issued from the FHB mortgage. See id. at 6. However, the money frozen and seized from his HSBC account was not returned until he filed a motion, in April 2006. See id.

In 2008, Corbett received a credit report indicating that the FHB mortgage had been paid in full and the account closed. See id. at 7. Thereafter, Corbett requested the underlying documentation from Select Portfolio Servicing, Inc., the servicer of the mortgage. See id. Corbett alleges that the documents he received included some he had not seen during the closing, and that many documents were missing the requisite signatures. See id. Accordingly, Corbett filed this lawsuit alleging mortgage fraud.

In February 2010, Corbett mailed three subpoenas to Wilson Elser, addressed to the firm and as attorneys for Chrysler and Bryon Friedman. See First Motion Ex. A, D.E. #25-1.

Thereafter, on March 26, 2010, Movants filed their first motion to quash the subpoenas, alleging, among other deficiencies, that service was improper and that the subpoenaed documents are not relevant to the mortgage fraud allegation, but rather relate to a civil action filed by Corbett in Civil Court in Kings County, Corbett v. HSBC Bank, et al., Index Number 300303/09. See First Motion ¶ 13. Movants further allege that Corbett is attempting to circumvent the discovery rules of the Civil Court, which had stayed discovery after the defendants therein moved for summary judgment. See id. ¶¶ 26-27.

On March 30, 2010, this Court ordered petitioner to show cause, in writing by April 13, 2010, why the motion to quash should not be granted. See Order to Show Cause (March 30, 2010), D.E. #28. In April, Corbett mailed another subpoena to Bryon Friedman, and Movants asked that the April subpoena be included in the previously filed motion to quash. See Second Motion.[2]

In his response to the motion to quash, Corbett concedes that the subpoenaed documents do relate to the Civil Court action,[3] but he argues that those documents are nonetheless relevant to the mortgage fraud allegations in this case. See Plaintiff's Affirmation in Opposition (April

---

[2] In its motions, Wilson Elser represented to the Court that in moving for summary judgment in the Civil Court action filed by plaintiff, Wilson Elser supplied plaintiff with "all relevant documents" as exhibits. See First Motion ¶ 15. Wilson Elser also represented that Bryon Friedman "does not have in his possession any documents regarding any case involving Randolph Corbett." Second Motion at 2. According to Movants, the only subpoenaed party that might possess additional responsive documents is Chrysler, and Wilson Elser "cannot speak to all documents that Chrysler may have." First Motion ¶ 16.

[3] He claims, however, that they relate to the Civil Court collection action brought by Chrysler *against* him in 1993, rather than the Civil Court action that he filed in 2009. See Plaintiff's Affirmation in Opposition (April 21, 2010) ¶ 13, D.E. #36.

21, 2010) ¶¶ 4, 10-13, 23, 25, D.E. #36 ("While they are not involved in the mortgage scam, if FHB didn't pay off the debt, then that is helpful in proving the mortgage [s]cam. . . .Your attorney needs to explain the fake check being accepted. . . .[T]he movants are alleging to collect a debt that was part of the 1997 mortgage scam."). Another round of submissions followed. See Reply Declaration of David L. Tillman (June 16, 2010), D.E. #43; Plaintiff's Reply to Declaration of David L. Tillman (July 15, 2010), D.E. #45.

## DISCUSSION

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26. See Heller v. City of New York, No. 06 CV 2842(NG), 2008 WL 2965474, at *2 (E.D.N.Y. Apr. 11, 2008). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." Copantitla v. Fiskardo Estiatorio, Inc., No. 09 Civ. 1608(RJH)(JCF), 2010 WL 1327921, at *9 (S.D.N.Y Apr. 5, 2010) (collecting cases) (quotation and citation omitted). Nevertheless, on a motion to quash a subpoena, the burden is on the party issuing the subpoena to "demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Night Hawk Ltd. v. Briarpatch Ltd., 03 Civ. 1382(RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); accord Copantitla, 2010 WL 1327921, at *9; Kingsway Fin. Servs., Inc. v. PriceWaterhouse-Coopers LLP, No. 03 Civ. 5560(RMB)(HBP), 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) (collecting cases); Ford Motor Credit Co. v. Meehan, No. CV 05-4807(DRH)(AKT), 2008 WL 2746373, at *5 (E.D.N.Y. July 11, 2008); Wright &

Miller, Federal Practice & Procedure: Civil § 2459 n.7.1 (3d ed. 2010).

"Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." Kingsway, 2008 WL 4452134, at *4 (citing Sea Tow Int'l v. Pontin, 246 F.R.D. 421, 424 (E.D.N.Y. 2007)). Decisions to limit discovery as overbroad, duplicative, or unduly burdensome are left to the sound discretion of the trial judge. See, e.g., In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 68-70 (2d Cir. 2003). Courts are directed to consider whether:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

"In assessing these considerations, special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation." Cohen v. City of New York, No. 05 Civ. 6780(RJS)(JCF), 2010 WL 1837782, at *3 (S.D.N.Y. May 6, 2010) (quotation and citation omitted); see also Fears v. Wilhelmina Model Agency, Inc., No. 02 Civ. 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004) ("[T]he Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] non-party."); Concord Boat Corp. v. Brunswick Corp., 169

F.R.D. 44, 49 (S.D.N.Y. 1996). "A subpoena that 'pursues material with little apparent or likely relevance to the subject matter, . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous," Kirschner v. Klemons, No. 99 Civ. 4828(RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 20, 2005) (quoting Concord Boat, 169 F.R.D. at 50), particularly where, as here, the person or entity on whom the demand is made is not a party to the action. See Copantitla, 2010 WL 1327921, at *10.

Although some of the documents subpoenaed by Corbett arguably satisfy the broad concept of relevance for discovery purposes, Corbett has failed to persuade the Court that the documents bear any more than a "doubtful or tangential" relationship to the allegations of mortgage fraud, and so, on balance, the third-party subpoenas are unduly burdensome. See Ackermann v. New York City Dep't of Info. Tech., No. 09 CV 2436(JBW)(LB), 2010 WL 1172625, at *1 (E.D.N.Y. Mar. 24, 2010) (when evidence sought by a subpoena is, at best, "doubtful and tangential," "enforcement of the subpoena would constitute an unreasonable or burdensome misuse of the discovery process.") (internal quotation marks and citation omitted). It appears to be undisputed that FHB issued a check to Chrysler to satisfy Corbett's debt; in fact, according to Corbett, the Kings County Court ruled that the Chrysler debt had indeed been satisfied by a payment Chrysler accepted from FHB. See Complaint at 6. Corbett already has documentation relevant to that proceeding, see supra note 2, and, to the extent he wishes to obtain additional documents such as transcripts of judicial proceedings, he can do so directly from the Kings County Court.

Since the information sought by subpoena is undisputed, easily obtainable from another

source, and, at best, tangential to the claims at issue in this case, the burden imposed by the third-party subpoenas outweighs any likely benefit to Corbett in prosecuting the instant action. See Fed. R. Civ. P. 26(b)(2). Accordingly, the motions to quash the subpoenas are granted and the Court need not address the other alleged defects in the subpoenas.

## **CONCLUSION**

For the foregoing reasons, Movants' motions to quash the four subpoenas are granted in their entirety.

Any objections to the rulings contained in this Memorandum and Order must be filed with the Honorable John Gleeson on or before **August 19, 2010**. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to enter this Report and Recommendation into the ECF system and to mail a copy to pro se plaintiff at the following address:

> Randolph Corbett
> P.O. Box 156
> New York, NY 10013

**SO ORDERED**

Dated: Brooklyn, New York
August 2, 2010

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**