UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

RANDOLPH CORBETT,

                Plaintiff,

- versus -

eHOME CREDIT CORP. d/b/a FHB FUNDING d/b/a FUNDAMENTAL HOME BORROWING, MICHAEL J. BODE, Esq., J.C. LAND ABSTRACT CO., SHELDON J. SANDERS Esq., OLD REPUBLIC NATIONAL TITLE INSURANCE CO., THE FIRST NATIONAL BANK OF LONG ISLAND, THE BANK OF NEW YORK n/k/a THE BANK OF NEW YORK MELLON CORPORATION, "John/Jane Doe" 1 through 12 being the names of Attorneys, Agents, Associates, Assigns and Entities whose names and/or addresses are unknown to the Plaintiff at this time,

                Defendants.

MEMORANDUM AND ORDER  
10-CV-26 (JG)

JOHN GLEESON, United States District Judge:

On January 5, 2010, Randolph Corbett filed this *pro se* action against eight named defendants, including Sheldon J. Sanders Esq. and various unidentified individuals. The complaint alleges that the defendants participated in a mortgage fraud perpetrated against Corbett. On February 15, 2013, defendant Sanders filed a motion for summary judgment. For the reasons set forth below, Sanders's motion is granted.

BACKGROUND

The following facts are undisputed or taken in the light most favorable to Corbett unless otherwise noted. In March 1997, Corbett received a notice from the New York City Department of Finance informing him that he was over $38,000 in arrears in his property taxes and in danger of losing his home in Brooklyn. Several weeks later, Corbett received an unsolicited phone call from an individual employed with FHB Funding Corporation ("FHB").

This individual stated that he had learned of Corbett's financial situation after checking tax records and offered his assistance in resolving the issue. Thereafter, Corbett and his wife drove to FHB's offices in Mineola, New York and met with Michael J. Bode, an attorney. Subsequently, Corbett signed what he believed to be mortgage closing documents at Bode's instruction. The mortgage was notarized by Sanders. Mot. for Summ. J. Exh. C. Two days later, Corbett received $38,000 of the full mortgage amount of $80,000 from FHB.

In the course of closing on his house with FHB, Corbett learned that a judgment was obtained against him by Chrysler Credit Corporation ("Chrysler"). Compl. Exh. M. As part of Corbett's agreement with FHB, on April 1, 1997 FHB issued a check to Chrysler for $5,362.75 in order to satisfy the debt. Compl. Exhs. D, E and M. This payment satisfied Corbett's debt to Chrysler. Compl. Exh. M.

In approximately 2001, Corbett's financial situation worsened and he was unable to make his mortgage payments. His wife, who had previously moved out of the home, informed him that he could avoid foreclosure by transferring the property to a relative. As a result, in 2001, Corbett transferred the deed to his Brooklyn home to Dorthea Douglas, his wife's sister. Corbett believed Douglas would name his daughters on the deed, however, he alleges that never occurred. In 2002, the home was sold without Corbett's permission.

In or about 2008, Corbett contacted credit reporting services and received a report listing a mortgage on the property for $80,000, serviced by Select Portfolio. The credit report indicated that the mortgage had been paid in full and the account closed. Thereafter, Corbett requested the underlying documentation from Select Portfolio. Corbett alleges that contained within the documents he received from Select Portfolio were documents he had never seen during the alleged closing. He further alleges that many of the documents were missing

necessary signatures. Accordingly, Corbett filed this lawsuit against the defendants alleging that they fabricated a "false debt claim" and the entire mortgage transaction was a fraud.

## DISCUSSION

    *A.*    *Legal Standard*

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the" non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also Thompson v. Tom Vazquez Janitorial*, No. 05–CV–808 (CBA), 2006 WL 3422664, at *2 (E.D.N.Y. Nov. 28, 2006) (noting that a court "must construe the *pro se* plaintiff's claims liberally in deciding the motion for summary judgment") (citing *Sawyer v. Am. Fed'n of Gov't Emps., AFL–CIO*, 180 F.3d 31, 36 (2d Cir. 1999)). "Nevertheless, the non-moving party cannot rest on 'mere allegations or denials' but must instead 'set forth specific facts showing there is a genuine issue for trial.'" *Thompson*, 2006 WL 3422664, at *2 (citing Fed. R. Civ. P. 56(e)).

    *B.*    *Corbett's Mortgage Fraud Claim Against Sanders*

Corbett's complaint alleges that Sanders was a part of the mortgage fraud perpetrated against him by "notarizing fraudulent documents." Am. Compl. at 12. Corbett now

3

alleges that he did not sign any of the mortgage documents that Sanders notarized. Mot. in Opp. at 2. However, in his complaint he acknowledges that at the closing he signed several mortgage documents. Am. Compl. at 3. As a result of executing that mortgaged, he received proceeds in the amount of approximately $38,000. *Id.* Corbett has not presented any facts to show that Sanders did not notarize the mortgage documents he signed during the closing. Indeed, the record indicates otherwise. *See* Mot. for Summ. J. Exh. C.

Further, whether Sanders notarized Corbett's mortgage documents is not material to whether the mortgage fraud alleged here even occurred. A fact issue is material if it might affect the outcome of the suit. *Windsor v. U.S.*, 699 F.3d 169, 192 (2d Cir. 2012); *see also Anderson*, 477 U.S. at 248. Under New York law, "[t]o state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quoting *Kaufman v. Cohen,* 760 N.Y.S.2d 157, 165 (1st Dep't 2003)). Corbett now appears to allege that he was told he owed a debt that did not exist, which induced him to sign mortgage documents. The notarization of Corbett's mortgage documents is unrelated to the alleged misrepresentation of fact or his reliance on that misrepresentation. Whether Sanders notarized the mortgage documents Corbett signed or not would not affect the outcome of his suit.

After construing Corbett's complaint and motion for summary judgment liberally, I find that there are no material issues of fact in dispute.[1]

## CONCLUSION

---

[1] The same is true with respect to the defendant Michael Bode, whose only alleged role is that he was the attorney at the closing. Corbett alleges that he signed mortgage documents and received the mortgage proceeds. The fact that more than a decade later he became "increasingly suspicious" of the closing and concluded that someone "fabricated [a] false debt claim" that caused him to execute the mortgage does not state a cause of action against Bode. I accordingly dismiss the claim against him *sua sponte*.

Accordingly, Sanders' motion for summary judgment is granted.  The Clerk is directed to close the case

So ordered.


John Gleeson, U.S.D.J.

Dated: March 27, 2013
       Brooklyn, New York